PAOLA BROOKS, *Plaintiff in Error*,

*vs.*

ALEXANDER ALLEN, *Defendant in Error.*

ERROR TO ROCK CIRCUIT COURT.

Chapter 14, of the Revised Statutes, in relation to fences and fence viewers, does not apply to ornamental partition fences, between town, village or city lots ; nor does it prohibit parties from contracting for building such fences.

The fences contemplated by that chapter, are the ordinary fences of the country, built upon or enclosing agricultural lands.

This was an action commenced before a Justice of the Peace, of Rock county, by Brooks against Allen, in assumpsit, for building twelve rods of fence.

The declaration was on the common counts, and also for work and labor, and materials found in building a gravel fence, made verbally before the justice. In the Justices' Court the plaintiff had judgment. The defendant appealed to the Rock County Court, where the cause was tried at the term of February, A. D. 1852. At the trial the plaintiff called H. Barrett, as a witness, who testified, " a year ago last summer or fall, I was living in a house in Beloit, on the west side of the river, that I leased of the defendant."

The plaintiff then offered to prove that during the summer and fall of 1850, the witness lived on lot number 82, in Hackett's addition to Beloit, and that he was then and there the lessee of Alexander Allen, the defendant, to whom the witness paid rent for said premises. To this evidence the defendant objected. The objection was sustained, and plaintiff excepted. The witness then testified, " during the

summer and fall of 1850, there was a gravel fence, with stone foundation, built about ten feet from the house I lived in, on the west side of the house. It was built by Paola Brooks, the plaintiff; I resided there before said fence was built ; Mr. Brooks' land was west of this."

The plaintiff here offered to prove a verbal contract, by which the plaintiff, in the spring of 1850, agreed with the defendant to build a partition fence on the west side of the village lot on which witness resided; like the one which witness had sworn was built by Paola Brooks, on said premises, and by which contract the defendant agreed to pay the said plaintiff a fair compensation for the building of said fence, to which the defendant objected, on the grounds :

1. The proof is incompetent until it be established that these parties litigant were at the time the fence was built, owners of the land adjacent to said fence.

2. The proof is incompetent until it be established that the fence for which the plaintiff claims to recover, was built upon the line separating the premises of plaintiff and defendant.

3. The proof is incompetent until it be shown that each party had his share thereof assigned to him by the fence-viewers, or the value he should pay therefor, which assignment must be in writing, signed, sealed, acknowledged and recorded in the Town Clerk's office, or in the absence of this it must first be shown, that the owners of such land, divided said fence, or the value thereof by agreement in writing, signed, sealed, and recorded as aforesaid.

These objections were all sustained by the court, the testimony rejected, and the plaintiff excepted.

JUNE TERM, 1853.

Brooks
vs.
Allen.

The plaintiff then offered to prove that in the spring, summer, fall and winter of 1850, the witness was occupying lot No. 82, in Hackett's Addition to Beloit, as a tenant of Alexander Allen, the defendant, to whom he paid rent ; that in the spring of 1850, the plaintiff and defendant entered into an agreement, by which the defendant employed the plaintiff to build twelve rods of partition gravel fence on the premises before described, and the defendant agreed to pay the plaintiff therefor a reasonable compensation ; that the plaintiff did, in the summer of 1850, build said fence, according to agreement, and that fifty dollars is a reasonable compensation therefor.

To this offer the defendant interposed the same objections as to the former, which were likewise sustained by the court, and the plaintiff excepted.

*M. H. Carpenter*, for the plaintiff in error.

*W. S. Rockwell*, for the defendant in error.

*By the Court*, SMITH, J. The County Court was doubtless led into error in this case, by supposing that the subject matter of the action fell within, and was to be controlled by chapter 14, of the Revised Statutes, concerning fences and fence viewers. The design of that chapter of the statutes, is to regulate and provide for the building and keeping in repair of division fences, and for the settlement of disputes in regard to the same. The fences contemplated by the statute, are the ordinary fences of the country, built upon agricultural lands ; not those whose character and fashion are suggested by the taste of the owners of town, village or city lots. It is possible,

indeed, that a division fence between town lots may fall within the purview of the statute ; but to do so, it must be a fence of the kind and description contemplated by the statute.

On the trial of this cause, in the County Court, the plaintiff below offered to prove a contract between himself and the defendant below, by which the defendant employed the plaintiff to build twelve rods of partition gravel fence on the line of lot number 82, in Hackett's Addition to Beloit, and agreed to pay him a reasonable compensation therefor, and that the plaintiff did build the gravel fence according to the contract.

There could be no legal objection to the introduction of this evidence. The parties having voluntarily entered into the contract, and that contract, not being repugnant to the statute, nor incompatible with public policy, should be sustained by the court.

Chapter 14 of the Revised Statutes, does not apply to such a case.

The judgment of the County Court must therefore be reversed with costs.